### GRAND TRUNK RY. v. CENTRAL VERMONT R. R. et al.

(Circuit Court, D. Vermont. December 29, 1897.)

COMITY BETWEEN CIRCUIT COURTS — RAILROAD RECEIVERS — DIVERSION OF FREIGHT—INJUNCTION.

Under the rules of comity, which require the decisions of circuit courts to be followed by each other, especially when they relate to the administration of the same subject-matter, a petition by a railroad receiver for an injunction restraining receivers of another line from diverting freight traffic will be granted when the circuit court of another circuit has afforded the same petitioner like relief in a similar case against another company.

This was an intervening petition, filed by Charles Parsons, as receiver of the Ogdensburg Railroad, in the suit of the Grand Trunk Railway against the Central Vermont Railroad and others, praying an injunction against the receivers of the Rome, Watertown & Ogdensburg Railway restraining them from diverting west-bound freight traffic of their lines from petitioner's road.

Hornblower, Byrne, Taylor & Miller, for petitioners.
Benj. F. Fifield and Chas. M. Wilds, for respondent.

WHEELER, District Judge. The intervening petition of Charles Parsons, receiver of the Ogdensburg Railroad, for restraint of diversion of freight traffic by the receivers herein of the Rome, Watertown & Ogdensburg Line, from his road as a part of that line, has now been heard. The case hereupon does not differ materially from that of the petitioner against the New York Central & Hudson River Railroad in the Southern district of New York, except as to refusals of the petitioner to forward freight without payment of traffic balances. An injunction was granted there to restrain diversion of east-bound freight. Comity between courts requires that decisions of circuit courts should be followed by each other, especially when relating to administration of the same subject-matter, as here, where diversity would create confusion. The refusals to forward mentioned had no reference to the continuance of this freight line, but only to balances, however arising, and were accommodated without reference to it; and, now that they are settled, should have no place respecting its continuance. Following that decision, as it should be followed while it remains in force, the prayer of this petition should be granted, and these receivers should be restrained from diverting the west-bound freight traffic of the Rome, Watertown & Ogdensburg Line from the petitioner's road. Prayer of petition granted.